Matthias, J.,
 

 concurring. I concur in the judgment of affirmance bn the ground stated, and on the further ground upon which the Court of Appeals placed its judgment of reversal, that prejudicial error was committed by the trial court in refusing to admit testimony offered by the defense tending to establish Thayer’s whereabouts during the period from the 10th to the 20th of August. The evidence offered tending to corroborate the testimony of the defendant as to his whereabouts from the 10th to the 20th of August was rejected by the trial court for
 
 *12
 
 the reason that defendant failed to give the prosecuting attorney notice in writing three days before the trial of the case of his intention to offer in his defense testimony to establish an alibi on Ms behalf, as required by Section 13444-20, General Code. The indictment charged Thayer with soliciting a bribe “on or about the 15th day of August.” In the trial the state was unable to fix a definite date, upon which the crime charged was committed, it being placed by the state’s chief witness from the 10th to the 20th of August, while other witnesses fixed the time from August 10th to August 28th; hence the defendant could not have given such three days advance notice.
 

 The operative effect of the statute therefore as applied in this case deprived defendant of his rights under the due process provisions of the Constitution.
 

 Robinson and Allen, JJ., concur in the foregoing concurring opinion.